**In re Deborah M. ALLEN, Debtor.**

**Steven T. HARRIS and Kathryn C. Harris, his wife, Plaintiffs,**

**v.**

**H.M. RAMEL, Deborah M. Allen and Curtis L. Mann, Trustee, Defendants.**

**Bankruptcy No. 86–00626–BKC–JJB. Adv. No. 87–0047–BKC–JJB.**

United States Bankruptcy Court, E.D. Missouri, E.D.

June 29, 1987.

Robert E. Jones, Clayton, Mo., for plaintiffs.

Allen I. Harris, St. Louis, Mo., for H.M. Ramel and Harvey F. Euge.

Mark D.G. Sanders, St. Louis, Mo., for debtor.

Joe A. Johnson, Arnold, Mo., for debtor.

Deborah M. Allen, St. Louis, Mo., pro se.

Harvey F. Euge, pro se.

## FINDINGS AND CONCLUSIONS

JAMES J. BARTA, Bankruptcy Judge.

The trial on this complaint to quiet title was called on June 29, 1987. The Plaintiffs appeared in person and by counsel and presented testimony and evidence on the record. The Debtor, Deborah M. Allen did not appear personally or by counsel. The Defendant, H.M. Ramel, appeared by counsel and presented testimony and evidence after having filed an answer and certain affirmative defenses immediately prior to the commencement of the trial. The Trustee appeared by counsel and presented no direct evidence, but participated in all other aspects of the trial. Upon consideration of the record as a whole, the Court announced the following findings and conclusions and orders from the bench, to-wit:

That this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G), (N) and (O); and

That the commencement of a bankruptcy case fixes certain rights and relationships among the debtor, the creditors and the bankruptcy trustee; and

That this Debtor's schedules and statements of affairs, filed by the Debtor on March 17, 1986 clearly listed the Debtor's

legal, possessory and ownership interest in certain real property numbered as 3449 South Grand Blvd., St. Louis, Missouri; and

That at the commencement of this case, the Bankruptcy Trustee acquired the rights and powers of a bona fide purchaser of real property that obtains the status of bona fide purchaser at the time of commencement of the case and has perfected such transfer, pursuant to 11 U.S.C. § 544(a)(3); and

That, therefore, the Trustee in this case acquired the rights and powers of a bona fide purchaser to the real property numbered as 3449 South Grand Blvd., St. Louis, Missouri as of March 17, 1986; and

 That the Trustee's rights and powers and interests in real property pursuant to 11 U.S.C. § 544(a)(3) are superior to a claim of interest of a pre-bankruptcy transferee holding only an unrecorded, unperfected claim of interest in the same real property; and

That Plaintiffs are the owner in fee simple of, hold title to and are in possession of the real estate situated in the City of St. Louis, State of Missouri as otherwise more specifically described herein; and

That Plaintiffs acquired the property described in this proceeding as follows, to-wit:

By deed of defendant Curtis L. Mann, Trustee in Bankruptcy for Deborah M. Allen, Debtor, dated December 30, 1986, recorded on January 9, 1987, in Book 580, Page 1913 in the Office of the Recorder of Deeds of the City of St. Louis, Missouri; and

That H.M. Ramel, co-defendant here, has failed to produce any writing other than a quit claim deed to support his contention that the Debtor transferred her interest in said real property prior to the commencement of this case; and

That said quit claim deed had not been recorded at the commencement of this case; and

That the testimony of Defendant Ramel's witness, Harvey Euge, indicated that almost no consideration was promised or granted in exchange for the purported pre-bankruptcy transfer of the Debtor's real property; and

 That the action by H.M. Ramel to perfect the purported pre-bankruptcy transfer by quit claim deed, on a date after commencement of this case was an attempt to affect and exercise control over the bankruptcy estate's interest in the Debtor's real property, contrary to 11 U.S.C. § 362(a)(3); and

That H.M. Ramel's post-bankruptcy recordation was in violation of the automatic stay of Section 362; and

That there is substantial evidence upon this record that H.M. Ramel is a name used by Harvey Euge, the Defendant's sole witness in this proceeding; and

That Harvey F. Euge assisted with the preparation of the Debtor's bankruptcy schedules and statements of affairs which included the Debtor's claim of ownership of the real property numbered 3449 South Grand Blvd.; and

That no objection was presented by any party after the Trustee sent notice of his intention to sell the real property numbered as 3449 South Grand Blvd.; and that said sale was approved by an order of the Bankruptcy Court; and

That, therefore, the Trustee enjoyed an ownership interest in said real property at the commencement of this case which was superior to that claimed by H.M. Ramel by virtue of an unrecorded quit claim deed, and that the Defendants have failed to establish any legal or equitable basis which would diminish the Trustee's ownership interest; and

That by separate order, judgment is being entered in favor of the Plaintiffs and against the Defendants in that the Trustee's transfer of title to this real property was free and clear of any claim of the Debtor or H.M. Ramel or Harvey F. Euge.