**In the Matter of Oliver PLUNKETT, Monica Plunkett, Debtor.**

**Ray M. BELISLE, et al., Plaintiff,**

**v.**

**Ralph C. ANZIVINO, Chapter 11 Trustee, Defendant.**

**Bankruptcy No. 82–01119.**
**Adv. No. 88–0176.**

United States Bankruptcy Court,
E.D. Wisconsin.

Jan. 23, 1991.

John A. Zodrow, Milwaukee, Wis., for plaintiff.

Mark L. Metz, Milwaukee, Wis., for trustee, defendant.

## MEMORANDUM DECISION

C.N. CLEVERT, Chief Judge.

On October 12, 1982, Ray Belisle (Belisle) and four individual partners of the Pan American Pavilion partnership filed an adversary proceeding in this court against Oliver Plunkett (Plunkett) and Ralph Anzivino, Chapter 11 Trustee, (Trustee) seeking an order to quiet title in the Pan Am Pavilion shopping center (Pan Am). The shopping center, located in Christiansted, St. Croix, United States Virgin Islands, is a leasehold titled in Plunkett's name. The plaintiffs asserted that the leasehold was owned by the partnership and that the Chapter 11 trustee should be ordered to deliver the property to the partnership and execute an assignment of title. Alternatively, they alleged that Plunkett acquired the property by fraud and, therefore, held it subject to a constructive trust recognizable in bankruptcy.

This court rejected the claim and instead granted a judgment on the trustee's counterclaim brought under 11 U.S.C. § 544(a)(3). As a result, this court found and the appellate courts agreed that the trustee acquired the status of a bona fide purchaser for value who claimed the leasehold for the Chapter 11 estate. *Matter of Plunkett (Belisle v. Anzivino)*, 89 B.R. 776 (Bankr.E.D.Wis.1988), *aff'd. Belisle v. Plunkett*, 877 F.2d 512 (7th Cir.1989). *cert. denied,* —— U.S. ——, 110 S.Ct. 241, 107 L.Ed.2d 191. In reaching the decision, this court assumed, *Plunkett*, 89 B.R. at 780, n. 4, and the Court of Appeals specifically found that "Virgin Islands' law impresses a constructive trust on the leasehold and its fruits." *Belisle*, 877 F.2d at 513. As a result, the plaintiffs were to be treated as unsecured creditors without regard for the constructive trust.

This action, involving the same parties, seeks a determination that Belisle and his Pan Am partners are entitled to net profits received by the Trustee from the operation of the shopping center between the petition date of April 15, 1982, and the entry of judgment, June 24, 1988. The question is now ready for decision on a motion for summary judgment.

## FINDINGS OF FACTS

In 1979, Oliver Plunkett (Plunkett) organized approximately 60 individual investors into five different partnerships. Using partnership contributions, Plunkett purchased a 50–year leasehold in the Pan Am from W.O.F. Associates for $1.2 million. However, the partnerships were recognized in partnership correspondence and for tax purposes.

On April 15, 1982, Plunkett filed a Chapter 11 bankruptcy petition listing his partnership interest in the Pan Am as an asset, although not listing the Pan Am as an asset. Ralph C. Anzivino was appointed Chapter 11 trustee and claimed the leasehold as an asset of the estate. Thereafter, the partners filed an adversary proceeding to quiet title to the property.

From 1982 through 1987, the Trustee filed federal and state partnership tax returns treating the Pan Am as partnership property. He allocated among the partners the income generated by the Pan Am and issued schedule K–1 tax forms listing for each partner a percentage share of profits, losses and capital ownership. Although none of the partners actually received any of the post-petition income of more than $733,869 generated by the shopping center, the K–1's instructed recipients to report a specified amount as income on their personal tax returns.

## DISCUSSION

Whether summary judgment is warranted in an adversary proceeding is governed by Bankruptcy Rule 7056 which incorporates Fed.R.Civ.P. 56(c). Under this rule, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

"[T]he commencement of a bankruptcy case fixes certain rights and relationships among the debtor, the creditor and the bankruptcy trustee...." *In re Allen (Harris v. Ramel)*, 75 B.R. 572, 573 (Bankr. E.D.Mo.,1987). The plaintiff's brief correctly points out that even though § 544(a)(3) gives the Trustee discretion in determining what will be most beneficial to the estate, the statute does not mandate that he exercise his avoidance power. Nevertheless, § 544(a)(3) clearly and unambiguously states that the trustee shall have, *as of the commencement of the case,* the right to avoid an obligation of the debtor if it can be shown that the obligation is voidable by a bona fide purchaser.

Bankruptcy courts have consistently held that when a trustee exercises his/her avoidance power, the resulting rights are effective as of the petition date. In *Allen*, 75 B.R. at 574, another action to quiet title in real property, the court said that "the Bankruptcy Trustee acquired the rights and powers of a bona fide purchaser of real property" which are superior to one holding an unrecorded, unperfected claim of

interest in the real estate and that those rights are fixed *at the commencement of a bankruptcy case. See also In re Kelly,* 1989 WL 141393, 4, 1989 Bankr. LEXIS 1990, 12 (Bankr.N.D.Ill.1989) (By the clear terms of § 544(a)(3), recovery and avoidance take place "at the time of the commencement of the case.").

If this court were to adopt the position advanced by the plaintiffs, it would be required to ignore the plain meaning of § 544(a)(3) and established rules of statutory construction. In *Atchison T. & S.F. Ry. Co. v. I.C.C.,* 607 F.2d 1199 (7th Cir. 1979), the Seventh Circuit held that in construing a statute and absent persuasive reasons to the contrary, the words used in the statute are to be given their ordinary meaning. *See also Meredith v. Bowen,* 833 F.2d 650 (7th Cir.1987) (The plain language of a statute is the best evidence of its meaning.). No less is required here.

## CONCLUSION

For the reasons stated, the court finds that the judgment in case number 82–1329 avoided plaintiff's interest in the Pan Am Pavilion shopping center, including net profits, effective April 15, 1982. Summary judgment in favor of the trustee shall be entered accordingly.